UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:10-CV-00185-M

**LARRY MEHERG,** *et al.*                                                    **PLAINTIFFS**

**V.**

**MICHAEL R. POPE and**
**CRETE CARRIER CORPORATION**                                 **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Certify a Question of Law to the Kentucky Supreme Court [DN 238]. Fully briefed, this matter is ripe for decision. For the following reasons, the Court holds that the Plaintiffs' motion is **DENIED**.

### I. BACKGROUND

This personal injury action arises from a motor vehicle accident that occurred on July 12, 2009. The undisputed evidence shows that the accident occurred on I-65 in Hart County, Kentucky, when a tractor-trailer driven by Michael R. Pope struck a stopped vehicle in the rear, causing that vehicle to collide with a second stopped vehicle. (See Police Report [DN 210-3] 1-2.) The second vehicle was occupied by the Plaintiffs: Larry Meherg, Aaron Meherg, and Kristin Shearer Meherg. They suffered various personal injuries in the accident. In total, as a result of the accident, five individuals were injured. Further, a six-year-old child was killed. (See id.)

On November 24, 2010, the Plaintiffs filed this action in state court, bringing negligence and gross negligence claims against Mr. Pope. (See Compl. [DN 1-1] § IV.) The Plaintiffs also brought a respondeat superior claim, as well as a negligent hiring, training, and supervision claim, against Mr. Pope's employer, Crete Carrier Corporation ("Crete"). (See id. at §§ III, V.) The Defendants removed the action to this Court on diversity grounds. (Not. of Removal [DN 1].)

1

On November 5, 2013, the Court issued a Memorandum Opinion and Order [DN 233], in which it granted the Defendants summary judgment on the Plaintiffs' punitive damages claims. The Court found that "Mr. Pope's conduct did not rise to the level of gross negligence." (Mem. Op. & Order [DN 233] 13.) The Court also found that the Plaintiffs "failed to offer clear and convincing evidence that Crete was reckless," (id. at 20), and that as a matter of law, "Crete could not have anticipated . . . a pattern [of dangerous driving by Mr. Pope]," as there was "no pattern of dangerous driving." (Id. at 23.) In addition, based on Mr. Pope's admission of liability and Crete's admission of respondeat superior liability, as well as the Court's finding that punitive damages are not warranted in this case, the Court found that its ruling reduced the issue to be tried to "the amount of compensatory damages to which the Plaintiffs are entitled." (Id. at 23.) The Court explained that "the presentation of evidence at trial will be limited to the injuries that the Plaintiffs sustained and the extent of those injuries. There will be no need for the Plaintiffs to present evidence of any alleged negligent training or supervision." (Id.)

The Court continued by noting that its conclusion was consistent with Kentucky law because "while Kentucky courts have not directly addressed whether negligent training and supervision claims survive in light of an admission of respondeat superior liability, several courts have done so and have concluded that they do not." (Id.) The Court then quoted Oaks v. Wiley Sanders Truck Lines, Inc., which stated:

> Under the doctrine of respondeat superior, an employer may be held vicariously liable for the tortious conduct of an employee if the evidence shows that such conduct was committed while the employee was acting within the scope of his employment. The majority rule is that once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against an employer on any other theory of imputed negligence. Scroggins v. Yellow Freight Sys., Inc., 98 F. Supp. 2d 928, 931 fn.3 (E.D. Tenn. 2000) (applying Georgia law). Once an employer defendant has admitted liability to plaintiff for its employee's negligence, the evidence laboriously submitted to establish the other theory of liability serves no purpose. The energy and time of

> courts and litigants is unnecessarily expanded. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case. Once vicarious liability for negligence is admitted under respondeat superior, the person to whom the negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee.
>
> Here, we have a case where the employer has admitted respondeat superior liability so presentation of evidence to support the negligent hiring, training, retention, supervision and entrustment claims is unnecessary. Allowing the claim for negligent hiring, training, retention, supervision and entrustment to continue would not entitle Plaintiff to greater recovery but would merely prejudice Wiley Sanders. There is an exception to this rule when punitive damages are contested, but no claim for punitive damages exists here, making this exception irrelevant.

2008 WL 5459136, at *1 (E.D. Ky. Nov. 10, 2008). The Court stated that it "agreed with" Oaks. It held that "[b]ecause Crete has admitted respondeat superior liability, and there is no longer a punitive damages claim, the presentation of evidence to support the negligent training and supervision claim is unnecessary." (Mem. Op. & Order [DN 233] 24.)

The Plaintiffs have now moved the Court to "certify to the Kentucky Supreme Court the question whether Plaintiffs' causes of action against Crete for failure to train and supervise Driver Pope are viable and distinct claims which Plaintiffs are entitled to try even though Crete has admitted liability based on respondeat superior." (Mot. to Certify [DN 238] 1.) In support of their motion to certify, the Plaintiffs cite Allgeier v. MV Transportation, Inc., which was decided by the Kentucky Court of Appeals in May of 2012. 2012 WL 1649089 (Ky. App. May 11, 2012) [DN 245-2]. In that case, the Kentucky Court of Appeals rejected the rule that was applied in Oaks and held that the plaintiff was entitled to try her negligent hiring and negligent training claims against the defendant, despite the fact that the defendant admitted that it was vicariously liable for the negligence of its employee. Id. [DN 245-2] at 21.

The Plaintiffs argue that the Allgeier decision represents Kentucky's opinion on the issue, and that the Court violated the Erie doctrine by failing to consider Allgeier in its Memorandum Opinion and Order. While the Plaintiffs have not expressly asked the Court to follow Allgeier, they argue that the Court's Memorandum Opinion and Order was in error, as it ignored Allgeier's ruling and relied on the incorrect assumption that Kentucky courts have failed to address the issue of whether a plaintiff is entitled to try his or her failure to train and supervise claims despite an employer's admission of respondeat superior liability. In addition, the Plaintiffs argue that although Allgeier is on appeal, the Court should choose certification so that the present case can be resolved expeditiously. According to the Plaintiffs, if the Kentucky Supreme Court answers that negligent training and supervision claims must be tried despite an admission of respondeat superior liability, the Court should conduct a hearing "to determine whether, in light of the ruling, Mr. Pope appreciates the ramifications of apportionment based on relative fault between himself and Crete, and whether he still desires to stipulate that his conduct was the sole cause of the wreck." (Mem. Brief [DN 238-1] 5.)

## II. DISCUSSION

Civil Rule 76.37(1) allows a district court to certify a question of law to the Kentucky Supreme Court. It provides that:

> If there are involved in any proceeding before . . . any District Court of the United States . . . questions of law of this state which may be determinative of the cause then pending before the originating court and as to which it appears to the party or the originating court that there is no controlling precedent in the decisions of the Supreme Court and the Court of Appeals of this state, the Kentucky Supreme Court may answer those questions of law when certified to it by the originating court, or after judgment in the District Court upon petition of any party to the proceeding.

CR 76.37(1). In this case, the Plaintiffs urge the Court to certify a question. By doing so, they essentially ask this Court to ask the Kentucky Supreme Court whether it will affirm Allgeier's

4

holding that a plaintiff is entitled to try negligent hiring and training claims against a defendant, despite the fact that the defendant admits vicarious liability for its employee's negligence.

As an initial matter, the Court acknowledges that it did not address <u>Allgeier</u> in its Memorandum Opinion and Order. Put simply, the facts of <u>Allgeier</u> are distinct from, and inapposite to, the facts here. The Court disagrees with the Plaintiffs' suggestion that certification is necessary to resolve this case. Nor is it necessary for the Court to "wait and see" how the Kentucky Supreme Court rules on <u>Allgeier</u> before this case is tried.

In <u>Allgeier</u>, the Kentucky Court of Appeals held that a plaintiff was permitted to pursue her claims of negligent hiring and training despite an employer's admission of vicarious liability. 2012 WL 1649089 [DN 245-2] at 21. In so doing, the Court disagreed with the <u>Oaks</u> decision and based its decision on the ground that "Kentucky law has recognized that a distinction exists between the vicarious liability of an employer and the actual liability of that employer . . . ." <u>Id.</u> Notably, in the <u>Allgeier</u> case, even though MV Transportation, Inc. admitted it was vicariously liable for the negligence of its driver, it disputed that its driver was negligent. That left the plaintiff with the burden of proving the liability aspect of her case in order to recover damages. She wanted to assert two causes for the accident, one being the negligence of the driver and the other being that MV Transportation, Inc. was negligent in hiring and training the driver. The Kentucky Court of Appeals decided that she should be able to pursue both theories to prove liability in her case.

In our case, however, the Plaintiffs do not need to prove any theory of liability in order to recover damages because liability has been conceded. Mr. Pope has admitted that he was negligent in causing the accident that gave rise to this action. He does not suggest that the Plaintiffs were at fault in any way, shape, or form. Additionally, Crete has admitted respondeat

superior liability, thereby accepting full responsibility for any damages caused by the subject accident. In light of these admissions, it makes no difference if the Plaintiffs have one claim or ten-thousand claims to support liability. All that remains in this case is the question of damages. There will be no apportionment of fault whatsoever. Crete has agreed to pay 100% of the Plaintiffs' damages. As Mr. Pope and Crete note in their response, the Plaintiffs "can't do any better than 100%." (Pope & Crete's Resp. to the Mehergs' Mot. to Certify [DN 242] 10.) Any evidence related to any theory of liability is simply not relevant and a complete waste of time.

In this respect, the Court notes that the facts of this case are much more similar to Oaks than Allgeier. In Oaks, as noted above, the district court indicated that "[o]nce an employer defendant has admitted liability to [a] plaintiff for its employee's negligence," a claim for direct liability "serves no purpose." 2008 WL 5459136, at *1. In a prior opinion, the Oaks court ruled that apportionment of fault was not at issue because the trucking company had admitted actual liability for the subject accident. 2008 WL 4149635, at *2 (E.D. Ky. Sept. 4, 2008). These are precisely the facts of the instant case. By contrast, in Allgeier, the employer and employee never accepted actual liability. Instead, they denied liability, blamed the plaintiff for causing the incident, and asked the jury to apportion fault to her. While it will be interesting to see what the Kentucky Supreme Court decides in Allgeier, its holding does not impact this case.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiffs' Motion to Certify a Question of Law to the Kentucky Supreme Court [DN 238] is **DENIED**.

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

April 14, 2014